# EXHIBIT A

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

LAURA LOWRY,

      Plaintiff,

vs.

MEGA TRUCKING LLC., a corporation;
and PRIME PROPERTY & CASUALTY
INSURANCE, INC, a corporation; and
MARCUS HACKNEY, an individual

      Defendants.

CIVIL ACTION CASE NO.: STCV20-02013

**JURY TRIAL DEMAND**

### COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, LAURA LOWRY, files this Complaint and Demand for Jury Trial and sues the Defendants, MEGA TRUCKING LLC. ("MEGA TRUCKING"); PRIME PROPERTY & CASUALTY INSURANCE, INC ("PPCI"); and MARCUS HACKNEY ("HACKNEY"); and respectfully shows this Court as follows

### GENERAL ALLEGATIONS

1.    The Plaintiff, LAURA LOWRY, was and is a citizen and resident of the State of Georgia.

2.    At all times material hereto, Defendant, MEGA TRUCKING, was and is a foreign corporation doing business within the State of Georgia with a principal place of business in Miami Lakes, Florida. MEGA TRUCKING, at all times material hereto, conducted a transportation trucking business with Department of Transportation No. 2582238, and at all times material hereto owned, maintained and/or had the right to control or maintain that certain tractor-trailer truck (hereinafter "subject truck") that was being operated by Defendant, HACKNEY, in the State of Georgia with the permission and consent of MEGA TRUCKING.

3.    The registered agent for Defendant MEGA TRUCKING is RENEE LAMBACK

Copy from re:SearchGA

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

LAURA LOWRY,              )
             Plaintiff,   )
                    )
v.                       )     CIVIL ACTION FILE NO.
                    )     STCV20-02013
MEGA TRUCKING, LLC.,   )
a corporation; and PRIME    )
PROPERTY CASUALTY      )
INSURANCE, INC, a corporation;  )
and MARCUS HACKNEY,    )
an individual               )
           Defendants.   )
                    )

## SPECIAL APPEARANCE ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS MEGA TRUCKING LLC AND PRIME PROPERTY & CASUALTY INSURANCE, INC

COME NOW Defendants Mega Trucking, LLC and Prime Property & Casualty Insurance, Inc, ("these Defendants") by way of special appearance, without waiving and explicitly reserving all defenses including but not limited to service of process, sufficiency of process, and jurisdiction, and submits their answer and defenses to plaintiff Laura Lowry's Complaint and Demand For Jury Trial ("complaint") as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

These Defendants did not breach any duties owed to plaintiff and, therefore, plaintiff has no right of recovery against these Defendants.

### THIRD DEFENSE

No action or omission on the part of these Defendants proximately caused or contributed to the incident at issue or the injuries or damages allegedly suffered by plaintiff; therefore, plaintiff has no right of recovery against these Defendants.

### FOURTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act or omission by these Defendants in any way caused or contributed to the incident described in the complaint.

### FIFTH DEFENSE

Plaintiff has no right of recovery against these Defendants because any injuries or damages of which plaintiff complains are the proximate result of conduct, acts or omissions for which these Defendants were in no way responsible.

### SIXTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided being injured, and on account thereof, she is not entitled to recovery any sum of these Defendants.

### SEVENTH DEFENSE

To the extent as may be shown by the evidence through discovery, these Defendants assert the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiffs to exercise ordinary care for their own safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, estoppel, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations, sudden emergency, and waiver.

## EIGHTH DEFENSE

The failure to specifically plead special damages bars plaintiff's recovery. O.C.G.A. § 9-11-9(g).

## NINTH DEFENSE

There has been an insufficiency of process and an insufficiency of service of process as to these Defendants.

## TENTH DEFENSE

This Court lacks personal jurisdiction over at these Defendants.

## ELEVENTH DEFENSE

In response to the numbered paragraphs of plaintiff's complaint, these Defendants answer as follows:

## RESPONSE TO GENERAL ALLEGATIONS

1.

These Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 of plaintiff's complaint and place plaintiff on strict proof of same.

2.

These Defendants admits the allegations contained in paragraph 2 of plaintiff's complaint.

3.

Some of the allegations contained in paragraph 3 plaintiff's Complaint call for a legal conclusion, and as such, no response is required of these Defendants to those allegations. To the extent a response is required, and to the remaining allegations that do not call for a legal

conclusion, these Defendants deny the allegations in paragraph 3 of plaintiff's complaint including the allegation that this Court has personal jurisdiction over either of them.

4.

These Defendants admit only that portion of the facts alleged in paragraph 4 of plaintiff's complaint that Defendant Hackney was and is a citizen of Florida. The remaining allegations contained in paragraph 4 of plaintiff's complaint call for a legal conclusion, and as such, no response is required of these Defendants..

5.

These Defendants admit only that portion of the facts alleged in paragraph 5 of plaintiff's complaint that proper service can be completed on Defendant PPCI in accordance with Georgia law and to the extent the allegations contained in paragraph 5 are inconsistent with same they are denied. The remaining allegations contained in paragraph 5 of plaintiff's complaint call for a legal conclusion, and as such, no response is required of these Defendants. These Defendants deny this Court has personal jurisdiction over them.

6.

The allegations contained in paragraph 6 of plaintiff's complaint call for a legal conclusion, and as such, no response is required of these Defendants.

7.

The allegations contained in paragraph 7 of plaintiff's complaint call for a legal conclusion, and as such, no response is required of these Defendants. To the extent is required, based upon information and belief, these Defendants admit the allegations contained in paragraph 7 of plaintiff's complaint.

RECEIVED FOR FILING IN CHATHAM COUNTY, GA. 2/1/2021   Brian K. Hart - Clerk of Court

8.

The allegations contained in paragraph 8 of plaintiff's complaint call for a legal conclusion, and as such, no response is required of these Defendants. To the extent a response is required, these Defendants deny the facts alleged in paragraph 8 of plaintiff's complaint.

## RESPONSE TO FACTUAL ALLEGATIONS

These Defendants repeat and reincorporate herein responses to plaintiff's allegations contained in paragraph 1 through 8 as if fully restated herein.

9.

These Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 of plaintiff's complaint and places plaintiffs on strict proof of same.

10.

These Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 of plaintiffs' complaint and places plaintiffs on strict proof of same.

11.

These Defendants admit only that portion of the facts alleged in paragraph 11 of plaintiff's complaint that there was an impact between the vehicles driven by plaintiff and Defendant Hackney and that Hackney was in the course and scope of his employment with Defendant Mega Trucking, LLC at the time of the impact.   These defendants deny the remaining allegations contained in paragraph 11 of plaintiff's complaint.

## RESPONSE TO COUNT I – ALLEGED NEGLIGENCE CLAIM AGAINST DEFENDANT MARCUS HACKNEY

These Defendants repeat and reincorporate herein responses to plaintiff's allegations contained in paragraph 1 through 11 as if fully restated herein.

12.

These Defendants deny the allegations contained in paragraph 12 of plaintiff's complaint.

13.

The allegations contained in paragraph 13 of plaintiff's complaint call for a legal conclusion, and as such, no response is required of these Defendants. To the extent a response is required of these Defendants, these Defendants deny the allegations contained in paragraph 13 of plaintiff's complaint.

14.

The allegations contained in paragraph 14 of plaintiff's complaint call for a legal conclusion, and as such, no response is required of these Defendants. To the extent a response is required of these Defendants, these Defendants deny the allegations contained in paragraph 14 of plaintiff's complaint.

15.

These Defendants deny the allegations contained in paragraph 15 of plaintiff's complaint.

In response to the "WHEREFORE" paragraph immediately following paragraph 15 of plaintiff's complaint, these Defendants deny that they are liable to plaintiff and deny that plaintiff is entitled to any relief from these Defendant under any theory of law or in equity.

## RESPONSE TO COUNT II – ALLEGED VICARIOUS LIABILITY CLAIM AGAINST MEGA TRUCKING, LLC.

These Defendants repeat and reincorporate herein responses to plaintiff's allegations contained in paragraph 1 through 15 as if fully restated herein.

16.

The allegations contained in paragraph 16 of plaintiff's complaint call for a legal conclusion, and as such, no response is required of these Defendants. To the extent a response is

required, these Defendants admit only that portion of the facts alleged in paragraph 16 of

plaintiff's complaint that Defendant Hackney was within the course and scope of his

employment with Defendant Mega Trucking, LLC at the time of the subject accident and as such

the doctrine of *respondeat superior* would apply. These Defendants otherwise deny any

negligence on the part of any of these Defendants.

17.

These Defendants deny the allegations contained in paragraph 17 of plaintiff's complaint.

In response to the "WHEREFORE" paragraph immediately following paragraph 17 of

plaintiff's complaint, these Defendants deny that they are liable to plaintiff and deny that plaintiff

is entitled to any relief from these Defendant under any theory of law or in equity.

## RESPONSE TO COUNT III – ALLEGED CLAIM AGAINST DEFENDANT PRIME PROPERTY & CASUALTY INSURANCE, INC PURSUANT TO O.C.G.A. §40-1-112 AND O.C.G.A. §40-2-140

These Defendants repeat and reincorporate herein responses to plaintiff's allegations

contained in paragraph 1 through 17 as if fully restated herein.

18.

These Defendants admit only that portion of the facts alleged in paragraph 18 of

plaintiff's complaint that Defendant Prime Property & Casualty Insurance, Inc. (defendant

"Prime") issued a policy of liability insurance to Defendant Mega Trucking, LLC. These

Defendants deny the remaining allegations contained in paragraph 18 of plaintiff's complaint.

33 (sic).

The allegations contained in paragraph 33 of plaintiff's Complaint call for a legal

conclusion, and as such, no response is required of these Defendants. These Defendants deny

any negligence on the part of any of these Defendants.

In response to the "WHEREFORE" paragraph immediately following paragraph 33 (sic) of plaintiff's Complaint, these Defendants deny that they are liable to plaintiff and deny that plaintiff is entitled to any relief from these Defendant under any theory of law or in equity.

### REQUEST FOR TRIAL BY JURY

In response to the "WHEREFORE" paragraph immediately following subheading "Request for Trial by Jury", including subparagraphs (a) through (d) of plaintiff's complaint, these Defendants deny that they are liable to plaintiff and deny that plaintiff is entitled to any relief from these Defendant under any theory of law or in equity.

WHEREFORE, having fully listed their defenses and having fully answered the complaint, these Defendants pray as follows:

(a)     That judgment be entered in favor of these Defendants and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney fees, be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

**THESE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

This 19th day of February, 2021.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com
Aaron P. Miller
Georgia Bar No. 898190
amiller@fmglaw.com

*Attorneys for Defendants*

8

Brian K. Hart - Clerk of Court

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **SPECIAL APPEARANCE ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS MEGA TRUCKING LLC, PRIME PROPERTY & CASUALTY INSURANCE, INC, AND MARCUS HACKNEY** to the clerk of court using the CM/ECF system, which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants. Counsel of record are:

> Matthew Grossman
> Farah & Farah, P.A.
> 10 West Adams Street
> Jacksonville, FL 32202

This 19th day of February, 2021.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com
Aaron P. Miller
Georgia Bar No. 898190
amiller@fmglaw.com

*Attorneys for Defendants*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

7980 ERROL DRIVE LITHONIA GA, 30058. Defendant MEGA TRUCKING is subject to the jurisdiction of and venue in this Court pursuant to the Non-Resident Motorist Act, O.C.G.A. §40-12-1, *et seq.* and/or O.C.G.A. §9-10-91 and/or O.C.G.A. §9-10-94.

4.      At all times material hereto, Defendant HACKNEY was and is a citizen and resident of 5278 BOMBADIL COURT, TALLAHASEE, FL 32303 and was operating the subject truck, Vehicle Identification Number 1XKTDU8X67J191104, in the State of Georgia and within the course and scope of his employment with Defendant MEGA TRUCKING. Defendant HACKNEY is subject to the jurisdiction of and venue in this Court pursuant to the Non-Resident Motorist Act, O.C.G.A. §40-12-1, *et seq.* and/or O.C.G.A. §9-10-91 and/or O.C.G.A. §9-10-94.

5.      Defendant PPCI is the liability insurer for MEGA TRUCKING, a motor carrier, and is made a party defendant pursuant to O.C.G.A. § 40-2-140 and O.C.G.A. § 40-1-112. Defendant PPCI can be served at PRIME PROPERTY, 8722 S HARRISON ST SANDY, UT 84070-1420.

6.      At all times material hereto, the subject truck was a commercial motor vehicle subject to regulations promulgated by the Federal Motor Carrier Safety Administration (FMCSA).

7.      The collision giving rise to this Complaint occurred in Chatham County, Georgia.

8.      Venue is proper in this Court pursuant to O.C.G.A. §40-12-1, *et seq.*

Copy from re:SearchGA

## FACTUAL ALLEGATIONS

The Plaintiff realleges and incorporates the allegations of paragraphs 1 through 8 above and further alleges:

9.      On, or about, May 12, 2019, at approximately 1:32 P.M., Plaintiff was operating a 2017 Honda Accord driving South on MLK Jr. Blvd. in Chatham County, Georgia.

10.      As Plaintiff approached the Parker's Gas Station located at 325 Martin Luther King Jr Blvd, Savannah, GA 31401, she slowed her vehicle down in order to turn into the gas station.

11.      Prior to Plaintiff being able to turn into the Parker's gas station, Defendant, HACKNEY, while operating his vehicle in the course and scope of his employment with Defendant MEGA TRUCKING, drove his tractor-trailer into the rear of Plaintiff's vehicle causing a violent collision between the Plaintiff's vehicle Defendant's vehicle.

## COUNT I
### NEGLIGENCE CLAIM AGAINST DEFENDANT MARCUS HACKNEY

The Plaintiff realleges and incorporates the allegations of paragraphs 1 through 11 above and further alleges:

12.      At all times material hereto, Defendant HACKNEY negligently and carelessly operated, used, controlled and/or maintained the subject truck so as to cause the collision with the Plaintiff's vehicle thereby causing Plaintiff to sustain significant injuries and damages as hereinafter alleged.

13.      At all times material hereto, Defendant HACKNEY failed to comply with O.C.G.A §40-6-390 in that he operated the subject truck with a reckless disregard for the safety of persons or property.

14.      At all times material hereto, Defendant HACKNEY failed to comply with O.C.G.A

§40-6-49 by following too closely.

15.   As a direct and proximate result of the aforementioned negligence of Defendant HACKNEY, the Plaintiff, was injured in and about her body and extremities, which resulted in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation and/or activation of pre-existing condition or physical defects, and loss of capacity for the enjoyment of life, all of which are continuing and are permanent in nature, past and future medical and related expenses, loss of earnings and/or loss of ability to earn monies in the past and permanent impairment of his future ability to earn income.

WHEREFORE, the Plaintiff sues the Defendant, MARCUS HACKNEY for compensatory damages and further demands a trial by jury of all issues triable as a matter of right by a jury.

## COUNT II
### VICARIOUS LIABILITY CLAIM AGAINST
### MEGA TRUCKING LLC.

The Plaintiff realleges and incorporates the allegations of paragraphs 1 through 15 above and further alleges:

16.   At all times material hereto, Defendant HACKNEY was an employee, agent and/or servant of the Defendant MEGA TRUCKING LLC. acting within the course and scope of said employment and/or agency, and as a result, Defendant MEGA TRUCKING LLC. is liable for the negligent acts or omissions committed by Defendant HACKNEY as specifically detailed in Count I.

17.   As a direct and proximate result of the aforementioned negligence, the Plaintiff was injured in and about her body and extremities, which resulted in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation and/or activation of pre-existing condition or physical defects, and loss of capacity for the enjoyment of life, all of

Copy from re:SearchGA

which are continuing and are permanent in nature, past and future medical and related expenses, loss of earnings and/or loss of ability to earn monies in the past and permanent impairment of his future ability to earn income.

WHEREFORE, the Plaintiff and sues the Defendant, MEGA TRUCKING LLC, for compensatory damages and further demands a trial by jury of all issues triable as a matter of right by a jury.

**COUNT III**
**CLAIM AGAINST DEFENDANT PRIME PROPERTY & CASUALTY INSURANCE, INC PURSUANT TO O.C.G.A. §40-1-112 AND O.C.G.A. §40-2-140**

Plaintiff hereby re-alleges paragraphs 1 through 17 of this Complaint.

18.    Defendant PRIME PROPERTY & CASUALTY INSURANCE, INC has issued a policy of liability insurance to Defendant MEGA TRUCKING, LLC., and that insurance is applicable to the Complaint as set forth herein.

33.    As such, Defendant PRIME PROPERTY & CASUALTY INSURANCE, INC shares responsibility for the damages caused by Defendants MEGA TRUCKING and HACKNEY, as set forth herein and all damages as will be proven by the Plaintiff in the present action pursuant to O.C.G.A. §§ 40-1-112 and 40-2-140.

WHEREFORE, the Plaintiff sues the Defendant, PRIME PROPERTY & CASUALTY INSURANCE, INC, for any and all damages available pursuant to O.C.G.A. §§ 40-1-112 and 40-2-140 and further demands a trial by jury of all issues triable as a matter of right by a jury.

**REQUEST FOR TRIAL BY JURY**

Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff prays for the following:

a)    Trial by jury; and

Copy from re:SearchGA

b) Judgement for all recoverable damages in her favor against Defendants in an amount to be shown by the evidence at the time of trial and determined by the enlightened conscious of the jury; and

c) All attorney's fees and costs of Court to be cast against Defendants; and

d) Such other relief as this Court deems just and equitable.

FARAH & FARAH, P.A.

MATTHEW GROSSMAN, ESQ.
Georgia Bar No.: 421625
10 West Adams Street
Jacksonville, FL 32202
T: 904-807-3138
E: mgrossman@farahandfarah.com

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

LAURA LOWRY,

      Plaintiff,

CIVIL ACTION CASE NO.: STCV20-02013

vs.

**JURY TRIAL DEMAND**

MEGA TRUCKING LLC., a corporation;
and PRIME PROPERTY & CASUALTY
INSURANCE, INC, a corporation; and
MARCUS HACKNEY, an individual

      Defendants.

## <u>CERTFICATE OF SERVICE OF DISCOVERY MATERIAL</u>

COMES NOW, Plaintiff in the above-referenced case, and pursuant to the local rules of this Court, shows that contemporaneously with service of the Complaint and Summons, she served upon Defendant the following:

1. Plaintiff's Request for Admissions to Defendants

2. Plaintiff's First Interrogatories and First Request to Produce to Defendant MARCUS HACKNEY.

3.  Plaintiff's First Interrogatories and First Request to Produce to Defendant MEGA TRUCKING LLC.

This 13th day of October, 2020.

FARAH & FARAH, P.A.

_____
MATTHEW GROSSMAN, ESQ.
Georgia Bar No.: 421625
10 West Adams Street

- 1 -

Copy from re:SearchGA

Jacksonville, FL 32202
T: 904-807-3138
E: mgrossman@farahandfarah.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on Defendant contemporaneously with the Complaint and Summons in this action on the date indicated on the Return of Service that will be filed with the Court as required by the Georgia Civil Practice Act.

FARAH & FARAH, P.A.

MATTHEW GROSSMAN, ESQ.
Georgia Bar No.: 421625
10 West Adams Street
Jacksonville, FL 32202
T: 904-807-3138
E: mgrossman@farahandfarah.com

Copy from re:SearchGA

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

LAURA LOWRY,

     Plaintiff,

vs.

MEGA TRUCKING LLC., a corporation;
and PRIME PROPERTY & CASUALTY
INSURANCE, INC, a corporation; and
MARCUS HACKNEY, an individual

     Defendants.

CIVIL ACTION CASE NO.: STCV20-02013

**JURY TRIAL DEMAND**

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT:    PRIME   PROPERTY  &amp;  CASUALTY
INSURANCE, INC.
PRIME PROPERTY
8722 S HARRISON ST
SANDY, UT 84070-1420

     You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

     Matthew J. Grossman, Esq.
     Farah & Farah, P.A.
     10 West Adams Street
     Jacksonville, FL 32202.

an answer to the complaint which is herewith served upon you within 30 days after service of this summons upon you, exclusive of the day of service. You have 45 days, after the service of Plaintiff's Request for Admissions, Interrogatories and Request for Production of Documents, exclusive of the day of service, to respond to same. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

     This 20th day of October, 2020.

/s/ Moneisha Green
_____
Clerk of State Court, Chatham County

Copy from re:SearchGA

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

LAURA LOWRY,

      Plaintiff,

vs.

MEGA TRUCKING LLC., a corporation;
and PRIME PROPERTY & CASUALTY
INSURANCE, INC, a corporation; and
MARCUS HACKNEY, an individual

      Defendants.

CIVIL ACTION CASE NO.:  STCV20-02013

**JURY TRIAL DEMAND**

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:    MEGA TRUCKING LLC.
    RENEE LAMBACK
    7980 ERROL DRIVE
    LITHONIA GA, 30058

      You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

    Matthew J. Grossman, Esq.
    Farah & Farah, P.A.
    10 West Adams Street
    Jacksonville, FL 32202.

an answer to the complaint which is herewith served upon you within 30 days after service of this summons upon you, exclusive of the day of service. You have 45 days, after the service of Plaintiff's Request for Admissions, Interrogatories and Request for Production of Documents, exclusive of the day of service, to respond to same. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

      This 20th day of October, 2020.

          /s/ Moneisha Green
          _____
          Clerk of State Court, Chatham County

Copy from re:SearchGA

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

LAURA LOWRY,

     Plaintiff,

CIVIL ACTION CASE NO.: STCV20-02013

vs.

**JURY TRIAL DEMAND**

MEGA TRUCKING LLC., a corporation;
and PRIME PROPERTY & CASUALTY
INSURANCE, INC, a corporation; and
MARCUS HACKNEY, an individual

     Defendants.

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT:    MARCUS HACKNEY
                                       5278 BOMBADIL COURT
                                       TALLAHASEE, FL 32303

     You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

          Matthew J. Grossman, Esq.
          Farah & Farah, P.A.
          10 West Adams Street
          Jacksonville, FL  32202.

an answer to the complaint which is herewith served upon you within 30 days after service of this summons upon you, exclusive of the day of service. You have 45 days, after the service of Plaintiff's Request for Admissions, Interrogatories and Request for Production of Documents, exclusive of the day of service, to respond to same. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

     This 20th day of October, 2020.


                              /s/ Moneisha Green
                             Clerk of State Court, Chatham County

Copy from re:SearchGA

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of _Chatham_____ County

| For Clerk Use Only | | |
|---|---|---|
| Date Filed  10/20/2020 | Case Number | STCV20-02013 |
| MM-DD-YYYY | | |

**Plaintiff(s)**

_Lowry_   _Laura_
Last        First        Middle I.    Suffix    Prefix

Last        First        Middle I.    Suffix    Prefix

Last        First        Middle I.    Suffix    Prefix

Last        First        Middle I.    Suffix    Prefix

**Defendant(s)**

_Mega Trucking LLC_
Last        First        Middle I.    Suffix    Prefix

_Prime Property & Casualty Ins., Inc_
Last        First        Middle I.    Suffix    Prefix

_Hackney, Marcus_
Last        First        Middle I.    Suffix    Prefix

Last        First        Middle I.    Suffix    Prefix

**Plaintiff's Attorney** _Matthew J Grossman, Esq_    **Bar Number** _421625_    **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
- ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
Case Number                                Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                        Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.18

Copy from re:SearchGA

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

LAURA LOWRY,                    )
                    Plaintiff,  )
v.                              )        CIVIL ACTION FILE NO.
                                )        STCV20-02013
MEGA TRUCKING, LLC.,            )
a corporation; and PRIME        )
PROPERTY CASUALTY               )
INSURANCE, INC, a corporation;  )
and MARCUS HACKNEY,             )
an individual                   )
                    Defendants. )
_____ )

### **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MARCUS HACKNEY**

COMES NOW Defendant Marcus Hackney ("Defendant Hackney"), and submits his answer and defenses to plaintiff Laura Lowry's Complaint and Demand For Jury Trial ("complaint") as follows:

### **FIRST DEFENSE**

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### **SECOND DEFENSE**

Defendant Hackney did not breach any duties owed to plaintiff and, therefore, plaintiff has no right of recovery against Defendant Hackney.

### **THIRD DEFENSE**

No action or omission on the part of Defendant Hackney proximately caused or contributed to the incident at issue or the injuries or damages allegedly suffered by plaintiff; therefore, plaintiff has no right of recovery against Defendant Hackney.

RECEIVED FOR FILING 4:21-CV-00052-WTM-CLR   Document 1-1   Filed 02/22/21   4:20 PM

*Brian K. Hart* - Clerk of Court

## FOURTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act or omission by Defendant Hackney in any way caused or contributed to the incident described in the complaint.

## FIFTH DEFENSE

Plaintiff has no right of recovery against Defendant Hackney because any injuries or damages of which plaintiff complains are the proximate result of conduct, acts or omissions for which Defendant Hackney was in no way responsible.

## SIXTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided being injured, and on account thereof, she is not entitled to recovery any sum of Defendant Hackney.

## SEVENTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant Hackney asserts the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiffs to exercise ordinary care for their own safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, estoppel, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations, sudden emergency, and waiver.

## EIGHTH DEFENSE

The failure to specifically plead special damages bars plaintiff's recovery. O.C.G.A. § 9-11-9(g).

RECEIVED FOR FILING... Brian K. Hart - Clerk of Court

## NINTH DEFENSE

In response to the numbered paragraphs of plaintiff's complaint, Defendant Hackney answers as follows:

## RESPONSE TO GENERAL ALLEGATIONS

1.

Defendant Hackney lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 of plaintiff's complaint and place plaintiff on strict proof of same.

2.

Defendant Hackney lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 of plaintiff's complaint and place plaintiff on strict proof of same.

3.

Defendant Hackney lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 of plaintiff's complaint and place plaintiff on strict proof of same.

4.

Defendant Hackney admits only that portion of the facts alleged in paragraph 4 of plaintiff's complaint that Defendant Hackney was and is a citizen of Florida. The remaining allegations contained in paragraph 4 of plaintiff's complaint call for a legal conclusion, and as such, no response is required of Defendant Hackney.

5.

Defendant Hackney lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 of plaintiff's complaint and place plaintiff on strict proof of same.

6.

The allegations contained in paragraph 6 of plaintiff's complaint call for a legal conclusion, and as such, no response is required of Defendant Hackney.

7.

Based upon information and belief, Defendant Hackney admits the allegations contained in paragraph 7 of plaintiff's complaint.

8.

The allegations contained in paragraph 8 of plaintiff's complaint call for a legal conclusion, and as such, no response is required of Defendant Hackney. To the extent a response is required, Defendant Hackney denies the facts alleged in paragraph 8 of plaintiff's complaint.

## RESPONSE TO FACTUAL ALLEGATIONS

Defendant Hackney repeats and reincorporates herein responses to plaintiff's allegations contained in paragraph 1 through 8 as if fully restated herein.

9.

Defendant Hackney lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 of plaintiff's complaint and places plaintiffs on strict proof of same.

10.

Defendant Hackney lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 of plaintiffs' complaint and places plaintiffs on strict proof of same.

11.

Defendant Hackney admits only that portion of the facts alleged in paragraph 11 of plaintiff's complaint that there was an impact between the vehicles driven by plaintiff and Defendant Hackney and that Defendant Hackney was in the course and scope of his employment

4

with defendant Mega Trucking, LLC at the time of the impact. Defendant Hackney denies the remaining allegations contained in paragraph 11 of plaintiff's complaint.

## RESPONSE TO COUNT I – ALLEGED NEGLIGENCE CLAIM AGAINST DEFENDANT MARCUS HACKNEY

Defendant Hackney repeats and reincorporates herein responses to plaintiff's allegations contained in paragraph 1 through 11 as if fully restated herein.

12.

Defendant Hackney denies the allegations contained in paragraph 12 of plaintiff's complaint.

13.

The allegations contained in paragraph 13 of plaintiff's complaint call for a legal conclusion, and as such, no response is required of Defendant Hackney. To the extent a response is required of Defendant Hackney, Defendant Hackney denies the allegations contained in paragraph 13 of plaintiff's complaint.

14.

The allegations contained in paragraph 14 of plaintiff's complaint call for a legal conclusion, and as such, no response is required of Defendant Hackney. To the extent a response is required of Defendant Hackney, Defendant Hackney denies the allegations contained in paragraph 14 of plaintiff's complaint.

15.

Defendant Hackney denies the allegations contained in paragraph 15 of plaintiff's complaint.

In response to the "WHEREFORE" paragraph immediately following paragraph 15 of plaintiff's complaint, Defendant Hackney denies that he is liable to plaintiff and denies that plaintiff is entitled to any relief from Defendant Hackney under any theory of law or in equity.

## RESPONSE TO COUNT II – ALLEGED VICARIOUS LIABILITY CLAIM AGAINST MEGA TRUCKING, LLC.

Defendant Hackney repeats and reincorporates herein responses to plaintiff's allegations contained in paragraph 1 through 15 as if fully restated herein.

16.

The allegations contained in paragraph 16 of plaintiff's complaint call for a legal conclusion, and as such, no response is required of Defendant Hackney.  Defendant Hackney admits only that portion of the facts alleged in paragraph 16 of plaintiff's complaint that Defendant Hackney was within the course and scope of his employment with Defendant Mega Trucking, LLC at the time of the subject accident and as such the doctrine of *respondeat superior* would apply.  Defendant Hackney otherwise denies any negligence.

17.

Defendant Hackney denies the allegations contained in paragraph 17 of plaintiff's complaint.

In response to the "WHEREFORE" paragraph immediately following paragraph 17 of plaintiff's complaint, Defendant Hackney denies that he is liable to plaintiff and denies that plaintiff is entitled to any relief from Defendant Hackney under any theory of law or in equity.

## RESPONSE TO COUNT III – ALLEGED CLAIM AGAINST DEFENDANT PRIME PROPERTY & CASUALTY INSURANCE, INC PURSUANT TO O.C.G.A. §40-1-112 AND O.C.G.A. §40-2-140

Defendant Hackney repeats and reincorporates herein responses to plaintiff's allegations contained in paragraph 1 through 17 as if fully restated herein.

6

18.

Defendant Hackney admits only that portion of the facts alleged in paragraph 18 of plaintiff's complaint that Defendant Prime Property & Casualty Insurance, Inc. (defendant "Prime") issued a policy of liability insurance to Defendant Mega Trucking, LLC. Defendant Hackney denies the remaining allegations contained in paragraph 18 of plaintiff's complaint.

33 (sic).

The allegations contained in paragraph 33 of plaintiff's Complaint call for a legal conclusion, and as such, no response is required of Defendant Hackney. Defendant Hackney denies any negligence.

In response to the "WHEREFORE" paragraph immediately following paragraph 33 (sic) of plaintiff's Complaint, Defendant Hackney denies that he is liable to plaintiff and denies that plaintiff is entitled to any relief from Defendant Hackney under any theory of law or in equity.

## REQUEST FOR TRIAL BY JURY

In response to the "WHEREFORE" paragraph immediately following subheading "Request for Trial by Jury", including subparagraphs (a) through (d) of plaintiff's complaint, Defendant Hackney denies that he is liable to plaintiff and denies that plaintiff is entitled to any relief from Defendant Hackney under any theory of law or in equity.

WHEREFORE, having fully listed their defenses and having fully answered the complaint, Defendant Hackney prays as follows:

(a)     That judgment be entered in favor of Defendant Hackney and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney fees, be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

**DEFENDANT HACKNEY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

This 19th day of February, 2021.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com
Aaron P. Miller
Georgia Bar No. 898190
amiller@fmglaw.com

*Attorneys for Defendants*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MARCUS HACKNEY** to the clerk of court using the CM/ECF system, which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.  Counsel of record are:

> Matthew Grossman
> Farah & Farah, P.A.
> 10 West Adams Street
> Jacksonville, FL 32202

This 19th day of February, 2021.

> **FREEMAN MATHIS & GARY, LLP**
>
> */s/ Wayne S. Melnick*
> Wayne S. Melnick
> Georgia Bar No. 501267
> wmelnick@fmglaw.com
> Aaron P. Miller
> Georgia Bar No. 898190
> amiller@fmglaw.com
>
> *Attorneys for Defendants*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)